UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDDIE MARSHALL,

        Plaintiff,

v.                                       Case No. 3:20-cv-145-J-39PDB

ROBIN CONNOLLY, M.D., et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Eddie Marshall, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights complaint (Doc. 1) and a motion to proceed in forma pauperis (Doc. 2). At the Court's direction, Plaintiff filed an amended complaint (Doc. 9; Am. Compl.), which is the operative pleading under review. Plaintiff names as Defendants Dr. Robin Connolly, Christopher Hobston, Warden of Suwannee Annex Correctional Institution, and a John Doe nurse. Plaintiff asserts the following facts in support of his claims, which he identifies as "negligence" and "deliberate indifference":

> Complaint of pain, institutional medical staff and security staff denied access, when access was given medical staff failed to follow protocol and didn't send inmate out to get procedure, another medical staff then followed procedure at a later date in order to make up for the initial staff's negligence.

Am. Compl. at 3, 5. Plaintiff says that, according to "all medical practices," he should have immediately been sent for surgery for his left hip, but the surgery was delayed. Id. at 5, 6. He asserts his only injury was the exacerbation of his initial injury because no treatment was provided "for over a long period causing extreme pain." Id. at 6. As relief, Plaintiff seeks damages "for the negligence." Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration,

and citation omitted). A court must liberally construe a pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's amended complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as

3

"(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence").

When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle, 429 U.S. at 105-06. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'").

Accepting Plaintiff's allegations as true, he does not show Defendants were deliberately indifferent to his medical condition. While Plaintiff alleges his necessary hip surgery was delayed, he does not attribute the delay to the named Defendants. See Am. Compl. at 5. Upon review of his original complaint (Doc. 1; Compl.), it is evident Plaintiff faults Dr. Connolly and the John Doe nurse for not immediately sending him for surgery after they reviewed the results of his x-ray, which showed a hip fracture. See Compl. at 6. However, Plaintiff does not allege Dr. Connolly or the nurse intentionally withheld surgical intervention.

4

Accepting as true that Dr. Connolly and the nurse could have and should have immediately sent him for a surgical consult, Plaintiff alleges no facts to show the delay was the result of anything more than a mistake. In fact, in his amended complaint, Plaintiff attributes the delay to a failure to "follow protocol," see Am. Compl. at 5, which suggests negligence, not deliberate indifference. See Estelle, 429 U.S. at 105-06. While the Court is not unsympathetic to the pain Plaintiff endured while awaiting surgery, his allegations do not describe medical care that was "so grossly incompetent . . . as to shock the conscience." Harris, 941 F.2d at 1505. Thus, Plaintiff fails to state a claim for deliberate indifference against Defendants Dr. Connolly and the John Doe nurse. To the extent the claim against Warden Hobston is premised on the alleged inadequate medical treatment, that claim necessarily fails.

However, even if Plaintiff had alleged facts that show Dr. Connolly and the John Doe nurse violated his constitutional rights, Plaintiff would not have stated a claim against Warden Hobston. It appears Plaintiff names the Warden only because of the administrative position he holds or because Plaintiff submitted a grievance to the Warden's office. The Warden cannot be held liable under either theory. First, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of

respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Second, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." Jones v. Eckloff, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009).

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of March, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Eddie Marshall